# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:08-CV-00043-TBR

**CASEY GENTRY**  **PLAINTIFF**

**v.**

**HUNTER MARINE TRANSPORT, INC.**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion in Limine (DN 70). Defendant has filed a response (DN 77). This matter is now ripe for adjudication.

Also before the Court is Defendant's Motion in Limine (DN 66). Plaintiff has filed a response (DN 79). This matter is now ripe for adjudication.

## DISCUSSION

Plaintiff has filed a boiler plate motion in limine that deals with twenty three issues. Defendant has responded. Many or most of the twenty three issues deal with matters covered by previous order of the Court. The Court discourages such boiler plate motions.

**IT IS HEREBY ORDERED:**

As to Plaintiff's motion:

1. The parties shall make no mention of any offer of settlement that's been made without first approaching the Court.

2. The parties may raise this objection at trial if it occurs.

3. The parties may raise this objection at trial if it occurs.

4. The parties may raise this objection at trial if it occurs.

5. The parties may raise this objection at trial if it occurs.

6. The parties may raise this objection at trial if it occurs.

7. Granted as to both parties.

8. The parties may raise this objection at trial if it occurs.

9. The parties shall approach the Court before mentioning this to the jury.

10. This is too broad; the parties shall approach the Court before offering this evidence.

11. The parties shall approach the Court before offering this evidence.

12. The parties shall approach the Court before offering this evidence.

13. The parties shall approach the Court before offering this evidence.

14. Granted.

15. The parties shall approach the Court before offering this evidence.

16. The Court reserves ruling on this issue for trial.

17. Granted.

18. Granted.

19. This is too broad; the Court reserves ruling on this issue for trial.

20. The parties shall approach the Court before offering this evidence.

21. The parties shall approach the Court before offering this evidence.

22. The parties shall approach the Court before offering this evidence.

23. The Court needs to better understand the relevance of Plaintiff's prior back injury to his termination by Hunter Marine. Defendants argue it is relevant to the issue of contributory negligence. Defendant needs to provide case law on this issue. The Court reserves ruling until the date of trial. The prior back injury otherwise may be relevant to the issue of causation.

As to Defendant's motion:

1. The Court notes hearsay is generally inadmissable. The parties may raise this objection at trial if it occurs.

2. Any statements made during settlement negotiations are inadmissible. The Court is unaware of the specific context of these statements and reserves ruling on this issue until trial.